## CONANT *v.* DEWEY.

By written agreement between the parties, the plaintiff was to build a house for the defendant, and receive for pay, as far as they would go, five notes of a third person, and a mortgage taken by the defendant to secure them, and the defendant, in execution of the agreement, assigned the mortgage and indorsed the notes to the plaintiff, "without recourse." The land mortgaged was subject to a prior incumbrance which the plaintiff was obliged to discharge. The plaintiff foreclosed and retained the land, and there was no evidence of its value: *Held,*

1. That parol evidence was inadmissible to prove a contemporaneous undertaking by the defendant, that the mortgage was good to secure the notes, and that the land was without other incumbrance.

2. That if the defendant at the time when the written agreement was made, falsely represented to the plaintiff, that the land was free from other incumbrance than the mortgage assigned, it would not entitle the plaintiff to recover the money paid to discharge the prior incumbrance, on a declaration in assumpsit for money paid, laid out, and expended.

ASSUMPSIT.    The declaration contained three counts.

The first count alleged, that on the 8th of June, 1844, in consideration that the plaintiff would take of the defendant certain notes against Alanson H. Haskell, at and for one thousand dollars, the defendant represented and promised to the plaintiff, that the said notes were well secured by a mortgage on land, upon which there was no prior mortgage, &c.

The second count alleged, that on the same day, in consideration that the plaintiff would build a house for the defendant and would take of the defendant as far as they would go towards the building of said house, five promissory notes of A. H. Haskell, the defendant represented and promised that said notes were secured by a mortgage, that was good for the amount of said notes, and that the mortgaged property was clear from any other incumbrance, &c.

The third count was for money paid, laid out, and expended.

To maintain his action, the plaintiff produced a written agreement, dated June 8, 1844, signed by said Conant and Dewey, by which the plaintiff agreed to build a house for the defendant, for fifteen hundred dollars, " payable as follows : said Conant to receive as far as they go, five several promissory notes, signed by Alanson H. Haskell, dated December 8th, 1840, four of which

for two hundred dollars each, and one for one hundred dollars,' and all on interest ; which notes are secured by a mortgage, which mortgage the said Abigail Dewey is to assign to said Conant to secure said notes, and the balance of such sum of fifteen hundred dollars said Abigail is to pay on demand after said house is completed."

The plaintiff then offered evidence to show that at the time this agreement was made, the mortgage was not present and the plaintiff expressed an unwillingness to take the notes in part payment, as he knew nothing about the situation of the property. The defendant then said the notes were perfectly good for the amount, that the real estate was ample and more, and that this was all that was on the property. The plaintiff then concluded to take the notes and mortgage in part payment. This evidence was admitted, subject to exception.

Sometime after this contract was made, the notes were indorsed to the plaintiff " without recourse," and the mortgage assigned without covenants of warranty. The mortgage was duly recorded.

The land mortgaged by Haskell to Dewey was subject to a prior mortgage made by Haskell to Mills Olcott. The plaintiff had opportunity to examine the mortgage pending the negotiations prior to the execution of the contract, and also again before he took the assignment ; but whether he did or not, did not appear.

The plaintiff had to foreclose the mortgage, and in order to obtain possession was obliged to pay the amount due on the Olcott mortgage, being about three hundred dollars. There was no other evidence to prove the value of the mortgaged premises.

A verdict was taken, by consent, for the plaintiff, on which judgment was to be rendered or the verdict set aside and judgment entered for the defendant, as the opinion of the Court should be on the whole case.

*Duncan,* for the plaintiff.

*D. Blaisdell,* for the defendant.

PERLEY, J.   By the written agreement of June 8, 1844, the plaintiff was to have fifteen hundred dollars for building the house, and was to be paid by receiving, so far as they would go, the five notes and mortgage of Haskell.   In execution of this agreement the mortgage was assigned without covenants of warranty, and the notes indorsed to the plaintiff "without recourse."

The obvious meaning of the agreement is, that the notes and mortgage were to be taken in payment, and at the risk of the plaintiff; and the assignment and indorsement were made in conformity with this construction.   Parol evidence of the undertaking by the defendant, that the notes were well secured, and that the land mortgaged was free from other incumbrance, is entirely inconsistent with this construction of the written contract and cannot be received to support either of the counts in the declaration, which are founded on such undertaking.

Nor can the plaintiff, under his count for money paid, recover the amount of the prior incumbrance which he has been obliged to discharge.   In general *indebitatus assumpsit* the consideration of the promise which the law implies, is an existing debt, due from the defendant to the plaintiff.   The declaration in that form of assumpsit alleges, that the defendant owed the plaintiff a debt, and in consideration of the debt promised to pay the amount due.   And assumpsit in this form can be maintained only in cases where the action of debt is a concurrent remedy.   But debt will not lie, where the claim is for damages wholly unliquidated and uncertain.   1 Chitty's Pleading, 98 ; Lawes on Pleading in Assumpsit, 418, 419.

If the evidence introduced by the plaintiff is sufficient to maintain an action in any form, his damages are wholly unliquidated. Where one purchases an absolute title to land and takes a covenant against incumbrances, if he is compelled to discharge an existing mortgage, the measure of damages, as a general rule, is the amount paid to discharge the incumbrance.   But the plaintiff, for this purpose, cannot be regarded as a purchaser of the land.   He took the mortgage as security for the payment of the notes.   His interest in the land is incidental to his debt and limited to the amount of it.   When the debt is paid, his claim

is satisfied, whether payment is made in money or by an appro-priation of the land under the mortgage. He has taken the land and foreclosed his title. There is nothing in the case that ascertains the value of the land. If it is equal in value to both the debts secured upon it, then both the debts have been fully satisfied, and the plaintiff has sustained no injury. The case shows no claim liquidated with any such certainty as will warrant a recovery under this count for money paid, laid out, and expended.

*Verdict set aside, and judgment entered for the defendant.*